United States District Court
Southern District of Texas
**ENTERED**
May 12, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WENDY INTERIANO ENAMORADO | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-5937 |
| | § | |
| KRISTI NOEM, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Wendy Interiano Enamorado ("Petitioner"), a citizen of Honduras, entered the country without inspection.[1] In July 2025, Petitioner was taken into immigration custody by Immigration and Customs Enforcement under § 1225(b)(2) and was ordered removed.[2] Petitioner has appealed her order of removal and remains in immigration custody.[3]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that her detention without

_____

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief, ("Habeas Petition"), Docket Entry No. 1, p. 14 ¶ 34; Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 9, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, pp. 14-15 ¶¶ 36, 38, 40; Respondents' MSJ, Docket Entry No. 9, p. 2.

[3]Habeas Petition, Docket Entry No. 1, p. 14 ¶¶ 36, 38.

a bond hearing violates the Immigration and Nationality Act and due process.[4]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 9). Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because she is an applicant for admission.[5] Petitioner filed a Motion for Leave to Amend Petition for Writ of Habeas Corpus (Docket Entry No. 10), which the court granted.[6] The court ordered Petitioner to submit her amended petition by April 28, 2026.[7] However, Petitioner has failed to do so.

As the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest. Id. at 498, 508. The Fifth Circuit's analysis and holding applies in this case.

Petitioner's detention without a bond hearing does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally

---

[4]Id. at 15–17 ¶¶ 39–49.

[5]Respondents' MSJ, Docket Entry No. 9, pp. 1–2.

[6]Order, Docket Entry No. 12, p. 1.

[7]Id.

permissible part of that process.'" <u>Id.</u> at *2 (quoting <u>Demore v. Kim,</u> 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in <u>Jacobo-Ventura v. Dickey,</u> Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 9) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 12th day of May, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE
